Tilghman C. J.
After having stated the different deeds, proceeded as follows: — The. defendant, who is proprietor of the alley, contends, that the plaintiff has no right to the use of it, because he has parted with all the lot to which the right of way was appurtenant, except the small piece last mentioned. It may be remarked in the outset, that at all events, the plaintiff must recover in this action, because the defendant has obstructed the water course, and no argument whatever has been urged to show that the right to the water course is lost, by selling part of the lot. As to the right of way, the argument is, that the deed should be construed according to the intent of the parties, and that it must have been supposed by the grantor, that this small lot conveyed by Gordon to the plaintiff (only ten feet wide) would have been always occupied by one person; therefore the cutting it up into several parcels, and giving a right of passage to several persons, will subject the grantor, and those claiming under him, to greater inconvenience than was contemplated. But we are to judge of the intentions by the words of the deed. When land is conveyed with a right to the grantee, his heirs, and assigns, to pass over other land, the right is appurtenant to all and every -part of the land so conveyed, and consequently every person to whom any part is conveyed, is to enjoy the right of passage. It must not be supposed, that either party was ignorant, that the grantee had a right to alien a part, nor that it was the intention (unless clearly expressed) that by such alienation, the right of way should be extinguished. Now, if the defendant’s argument is just, the right of way is totally extinguished, by an alienation of part of the premises, because it cannot be said that the owner of one part has better right than the owner of the other, consequently as both cannot have the right, the whole is gone. We must decide this case on general principles; the same law that is applied to a lot of ten feet wide must be applied to one of the width of an hundred feet. And it is obvious, that such a principle cannot prevail in a-city without intolerable grievance, because it would force every person who has a right of way to *230 preserve his property entire, in order to preserve his passage. 'Generally speaking, covenants that run with the land extend to assignees of every part of the land. This is the case with covenants to warrants, &C., although by multiplying the assignees, the actions against the covenantor may be multiplied. The defendant has produced no authorities distinguishing this case from the general principle. I am, therefore, of opinion, that the plaintiff was entitled to the use of the alley in question, as appurtenant to the ground retained by him. But the plaintiff has another claim; he has another house and lot on Chesnut street, lying to the west of, and adjoining the ten feet wide lot conveyed by Gordon, and having purchased several contiguous parcels of ground, so as to bring him in contact with the piece of three feet by thirteen, he supposes that he may by passing from piece to piece of his own property, obtain the use of the alley in question, for himself and his family, living in the last mentioned house in Ches* nut street. I do not think that the facts stated in the record make it proper to decide that point at present. But this I will say, that it is a question very different from the one now decided, and that it will require strong arguments to prove that a way appurtenant to one piece of ground can by any contrivance be made subservient to a passage to and from another piece of land. On the whole I am of opinion, that judgment should be entered for the plaintiff.
Yeates J.
stated the several conveyances, and then proceeded By these different conveyances it is perfectly clear, that the privilege of the alley leading to Orphan's court granted to the defendant is subject to the right of passage through the same of the owners and occupiers of the adjacent lots, and consequently by the acceptance of the deeds he is estopped from denying that right to them. This is abundantly shown by the cases cited on the argument.
But further: Gordon who owned the whole of the lots to which the privilege of this alley was incident, by his deed of 18th December, 1805, conveyed a lot adjoining thereto, with the full privilege of the alley, and a water course therein, to the plaintiff Watson; and when Watson afterwards made his conveyance to the aforesaid Conyers, as I have before stated, he excepted thereout a small portion of the ground adjacent to the alley; Now the settled rule and usage of the city *231 being, that every fraction of a lot of ground to which a privilege is incident, legally participates in all the rights originally' belonging to the whole lot, unless he thereby violates the rights of others by a trespass, or unless it be otherwise modified by special agreement, it follows as a matter of course, that the plaintiff is entitled to judgment on the verdict for the illegal acts of the defendant in obstructing his right of passage through the alley, and of the water course therein.
Bragkenridge J. concurred.
Judgment for the plaintiff.